150

RAFAEL VÁZQUEZ SEBAS ETC., Plaintiffs and Appellants, *v.* EULOGIO DIMAS RIERA ET AL., Defendants and Appellees.

No. 7237. Argued April 20, 1937.—Decided April 29, 1938.

*Angel A. Vázquez* for appellants. *Daniel Pellón* for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

On January 28, 1933, José L. Soto, Marshal of the Municipal Court of San Juan, Second Section, with the aid of some men, took apart and razed to the ground a wooden house located at No. 40 Pelayo Street, now Nolasco Rubio, in the Ward of Puerta de Tierra. This drastic action was taken under authority of an order of execution issued by the clerk of the said court on December 20, 1932, pursuant to a judgment in unlawful detainer of March 23, 1932, rendered in favor of Eulogio Dimas and Josefina Dolores Riera and Bengoechea and their mother Josefina B. Macías, widow of Riera, against Ramón Echavarry and Francisca Alfonso Marrero, intervener. The judgment above referred to was rendered in case No. 12,180 of the municipal court. We shall hereafter refer to the plaintiffs in that case, as the "Rieras."

As a result of the demolition of the house mentioned, Rafael Vázquez Sebas brought suit against the Rieras for

damages, alleging that at the time of the marshal's action he was the holder of the title to the house to the knowledge of the Rieras. In his complaint, Vázquez Sebas avers that by a notarial deed of December 13, 1932, he purchased the house in question from Francisca Alfonso Marrero; that by letter of December 20th of the same year, he notified the Rieras through their attorney in fact, Mr. Antonio B. Macías, of this purchase; that despite all this the house, without notice to the plaintiff herein, was thereafter destroyed by the marshal in the unlawful detainer suit against Echavarry and his vendor, Francisca Alfonso; and that the decree of the municipal court did not expressly order said demolition. Vázquez Sebas also alleged that the house was worth $1,800, and that the rents of which he had been deprived, to the date of the filing of the complaint amounted to $120. This suit was filed on June 21, 1933.

Defendants' answer denied plaintiffs' title to the house and pleaded affirmatively that the sale from Francisca Alfonso Marrero to Rafael Vázquez Sebas was simulated and effected for the fraudulent purpose of defeating the execution of the judgment obtained by the defendants in suit No. 12,180, *supra*. The second paragraph attempts to deny the alleged value of the house and denies the existence of any rental income therefrom. The defendants set up the legality and regularity of the proceeding by which the house was destroyed.

On October 2, 1934, Rafael Vázquez Sebas was duly substituted as party plaintiff by his heirs, Rafael Teodoro, Juana María and Julia Lucía Cristina Vázquez Anqueira. They are the present appellants.

The District Court of San Juan rendered judgment in favor of the defendants without costs. It is from that judgment that the appeal has been taken, and five errors are assigned.

We are primarily concerned, with determining whether Rafael Vázquez Sebas obtained a bona fide title to the house

in question, and if he did, whether that fact alone, in view of all the other circumstances, should entitle him to the rights which he now seeks to enforce in this action.

For whatever ultimate importance it may have, it is well to review all the litigation which preceded this case. The complaint in the unlawful detainer suit was filed on January 11, 1932. On the 25th of that same month, Francisca Alfonso Marrero filed a complaint in intervention in the above suit in which she claimed the title to the house on the plaintiffs' lot. The Municipal Court of San Juan, on March 23, 1932, rendered judgment for the plaintiffs, dismissed the complaint in intervention, and ordered the clerk of court to issue a mandate to the marshal in order that, if the defendants do not proceed to vacate the lot and remove the house therefrom, he (the marshal) should oust the defendant, Ramón Echavarry and the intervener, Francisca Alfonso Marrero, if the latter should be on the lot, and vacate the lot, removing the house which may be on it. The defendants appealed from that judgment, and the appeal was dismissed by the District Court on April 30, 1932. Certiorari to the municipal court was likewise denied by the district court in the same date. The intervener, Francisca Alfonso Marrero, appealed to this court from the denial of the certiorari and this appeal was dismissed by us on May 16, 1932. In the meantime, the intervener had obtained a favorable judgment with regard to her title to the house, in an independent suit filed by her against the Rieras for that purpose. It does not appear that the title to the house was ever recorded.

From the above history of events, we may conclude that the Rieras were clearly the owners of the lot on which Francisca Alfonso Marrero's house stood; that they proved their right to the ouster of the occupants of the house and to the removal of the house itself from their lot, and that a judgment to this effect had become unappealable as early as May 16, 1932.

█ Let us review the course of events thereafter. On November 28, 1932, Francisca Alfonso Marrero and Ramón Echavarry joined in a writing which they entitled "Notice of vacation of premises" ("*Notificación de Desalojo*") and which they filed before the municipal court in civil case No. 12,180. The Rieras then moved, on December 16, 1932, to have the house itself severed from the premises in accordance with the judgment which they had obtained on March 23, 1932. Then, on December 20, 1932, came a notice directed to Antonio B. Macías informing him, as attorney in fact for the Rieras, that by deed of December 13, 1932, Rafael Vázquez Sebas had purchased the house from Francisca Alfonso Marrero. On that same date the municipal court issued an order to the clerk, in the following terms:

" . . . the Court orders the Secretary to issue a writ to the marshal so that he may proceed to the immediate ouster of the defendants and of all those persons who in their name, may be occupying said lot or who may be holding it under a right derived from these defendants."

We have no doubt that the instructions given to the marshal by the clerk pursuant to the above order, were entirely authorized by the judgment. We must not forget that the express terms of the original judgment of March 23, 1932, sanctioned the removal of the house.

The lower court•based its opinion almost entirely on the simulated nature of the sale of December 13, *supra.* To arrive at that conclusion the court relied on our jurisprudence in the cases of *Santini Fertilizer* v. *Burgos,* 34 P.R.R. 830; *Lebrón* v. *F. Fresno & Co. et al.,* 39 P.R.R. 814, and others which have followed. Although the cases refer to transfers in fraud of creditors, their ratio decidendi is applicable to the case before us. After all, the Rieras had acquired a right to the removal of the house from the lot. There are badges of fraud throughout. It is remarkable that the notice of the sale should have been given on the same day that execution of the judgment in unlawful detainer had issued.

It is also significant that Rafael Vázquez Sebas should have obtained a house, which he now alleges was worth $1,800 for the $300 recited in the deed. Another fact which can not escape our attention is that, contrary to what appellants' attorney states in his brief, that same attorney represented Ramón Echavarry in the aforesaid unlawful detainer suit, as appears from the motion of November 28, 1932, already discussed. He also appears as counsel for Francisca Alfonso Marrero on her appeal to this court from the denial of a certiorari to the municipal court in the same unlawful detainer suit. We merely bring out this fact to support for whatever force it may have the statement of the district court, when it says in its opinion that more or less the same lawyers have represented the parties from the beginning of the original litigation in January 1932, but not to question the action of the attorney in accompanying the parties to the sale before Notary Public J. J. Ortiz Alibrán, with a ready made deed. All these considerations in addition to the fact that the deed itself merely recited that part payment had been made beforehand, and that no consideration actually passed before the notary, tend to support the conclusion of the lower court.

The contention of the appellants to the effect that the court could not annul the deed of sale without a special complaint or proceeding, etc., is untenable in the face of the doctrine that the absolute nullity of a transaction can always be raised, if its validity is relied upon for the acquisition of rights, and that it can be done collaterally or directly.

■■ We have another idea with regard to this case which may be applicable. Should a plaintiff who has obtained an unappealable judgment in an unlawful detainer suit and is about to put into effect a writ of execution which permits him to destroy a house built by a third person on the premises, when the title to the house is not recorded, be affected in his proceedings by the fact that some one notifies him that he has bought the house? The purchaser knew that the house was on land which did not belong to his vendor. The

vendor knew that an unappealable judgment had been rendered against her and that the house was subject to removal at any moment. Under the circumstances, and even assuming the good faith of Rafael Vázquez Sebas, the purchaser, he should suffer the consequences of whatever happened by virtue of his vendor's silence. If he knew of the litigation, and we incline to think he did, his position would be considerably weakened. We have the idea that once a judgment in unlawful detainer has been obtained against a person, as here, a purchaser from that defendant or party takes the property subject to the execution of that judgment in the manner provided for by law, and is not entitled to be given any consideration within the proceeding once it has arrived at that stage. His remedy, if any, is against his immediate vendor. A different view might enable a defendant to prolong an unlawful detainer suit almost indefinitely.

A judgment debtor, or a defendant against whom final judgment has been rendered which directly affects some specific property, can dispose of that property to a third person but that third person takes the property subject to the obligations under the judgment. A sale after judgment should not make the purchaser a party defendant.

For the above reasons we are of the opinion that Rafael Vázquez Sebas never acquired any right against the Rieras and that any damages he may have suffered were the combined result of his own action in acquiring a house situated on a third person's lot and of the undisclosed position of his own vendor.

The judgment appealed from should be affirmed.